scheduled for this morning, United States against Wylie, 1921-40, for which we have Ms. Christensen and Mr. Whalen. So, Ms. Christensen, you may proceed. Thank you, Your Honor. May it please the Court. My name is Joanna Christensen, and I represent the appellant, Stanford Wylie, in this case. Mr. Wylie was eligible for safety valve relief, which meant the District Court had discretion to impose a below-mandatory minimum sentence for both his 10-year term of imprisonment and the 5-year term of supervised release. The District Court, however, stated at sentencing that it was required to impose a 5-year term of supervised release, and therein lies the error in this case. Ms. Christensen, can I ask you, he said that, for sure, and, you know, the government tries to work around that word, require. At the same time, he said he was adopting the pre-sentence report, which did not make that mistake, as I understand it. So, are we to, in a sense, follow the old rule that the oral pronouncement controls, or how do we reconcile those two things? I think that, certainly, the oral pronouncement controls, the judge did not hedge from that requirement statement at all. The Court did adopt the pre-sentence report, which did contain the right, but then when it says that it's required, and it had imposed a below-mandatory minimum sentence for the incarceration sentence, I think the judge simply did not register that he was able to have this discretion with regard to supervised release. That's understandable, given that there are no reported cases in the circuit about this issue. There are actually very few reported cases in general, and that it is possible that this error is occurring in other cases. It seems to occur with some frequency in the Ninth Circuit, as the cases in my brief show, but if it is occurring and not being caught by either trial counsel or appellate counsel, an opinion from this Court would be certainly helpful. If the District Court had said this about the term of supervise, I'm sorry, the term of incarceration, that after acknowledging the guideline range was 97 to 121 months, and then said that I'm required to impose a 10-year term of imprisonment, that would be plain error that should be remanded. And the same should happen in this case. When the Court believes it's required to impose a mandatory minimum sentence, that indicates it does not understand it has discretion to go below that term. Now the Court did say in the same passage that we're focusing on, I don't see any reason to go higher. Do we have clues that the Court might have gone lower if it had been just facing this as a 2 to 5 year supervised release, or 2 to N years? Actually, there was some debate about the meaningfulness, but at least the guidelines recommended 2 to 5 years. Right. So I think that that is an indication. The Court says I don't see any reason to make it longer. Also looking at Mr. Wiley's history, he had no criminal history, not just that he qualified for safety valve, he literally had no criminal history. He was not a drug addict. He was regularly employed. He clearly had done this transporting of drugs for the money. And I think the Court certainly had some feelings that he would not be someone who needed a long-term supervised release, but he was limited by the 5-year floor in this case. Ms. Christiansen, if we agree with you in remand in light of that, do you agree that it's a limited remand for the term of supervised release only? Yes, Your Honor. I don't see a reason necessarily to do a full remand. And would you agree it would be for the term of the supervised release only and not the conditions? Right. Mr. Wiley didn't object to any of the conditions. And through my review, given the standard review on that, I don't see any that are objectionable. It really is the term of supervised release. And I think it's important for this Court to understand the burden that modification, as the government suggests, places on Mr. Wiley. He, of course, will not be represented in modification proceedings. There is no right to an attorney. And it is also unlikely that he will be in front of the same district court judge. Mr. Wiley has no contacts with the Northern District of Indiana. He was simply driving through. His home is Brooklyn, New York. He will be released from prison in Brooklyn, and likely his supervision will be transferred to the district court there. It makes more sense judiciously to let this district court, who's familiar with Mr. Wiley and with this case, fix the error that clearly occurred in this case. And I think it is almost a certainty that the Court would impose a lower sentence based on Mr. Wiley's history and characteristics. So what's that? You're talking about a lower time of supervised release. Is that what you're saying? Yes. Is there a limit to that? You think it should be less than five years. What is what's your I don't want to call it a guess, but what do you think would be more appropriate as far as supervised release time? I think the district court would be amenable to the two years, which is the guideline range. The government makes a comment that I'm saying that a term of supervised release is important in this case. That's more from my idea that I almost never see district courts decline to impose a term of supervised release unless the defendant is going to be deported. So I think that most district court judges would impose a term of supervised release in nearly every case, even if it's not mandatory. And as far as the floor and ceiling, I think the floor does become no supervised release. But the government is right. I don't think it's capped at five years. The statement in my brief was based on a statement in the pre-sentence report that said that the cap was five years. And looking at reconsidering after the government made that statement, I think that the government is correct that it is still life. Obviously, that's not appropriate here either. And I think there's very little risk of that. So I think that the court would be amenable to two years. I think the court probably would have imposed that if it had understood it had the discretion to do that. So unless the court has further questions, we urge you to reverse and remand to correct this error. Thank you. Thank you. Mr. Boylan. May it please the court. Thank you, Your Honors. Nathaniel Boylan here on behalf of the United States of America. For the last seven years, this court has been faced with a large number of supervised release appeals. And frankly, a large percentage of them have come when the defense doesn't make an argument down below, doesn't give the district court a chance to correct any alleged mistake, and doesn't really let the district court weigh in so this court has something to review. But Mr. Boylan, I know you mentioned this in your brief. This is about the term. This isn't about conditions. We've come to a pretty stable equilibrium after all of the storm of the last seven or eight years where that's done. But if the district court just flat gets the time wrong, that's a pretty surgical thing. And if everybody missed it, why isn't that just a forfeiture that brings us into plain error review? Yeah, Your Honor, we do think it is. We do think it is plain error review. Yeah, yeah. I agree with that. And I also agree with the court's question, which is based on the PSR and the range the district court adopted, which does control? And I think that's a good question. And I think since we're on plain error review, that is a dispositive question. I'm not sure it is, though, because our line of cases, actually, which began with all of our Palladino remands after Booker came down, you may remember that era as well. We took the position that if somebody is, at least on the incarceration side, spending more time in prison than the district judge would have been inclined to give knowing about the And supervised release imposes meaningful constraints on people's lives. And so I'm not sure why, erroneously, it's the same analysis. If the judge just wasn't focusing on the fact that he had the discretion under the safety valve to go below the five years, perhaps accepting the guidelines recommendation, perhaps not, then there's plain error, right? Well, no, respectfully, Your Honor, Booker is a different kettle of fish, if you will, because Booker is a complete change of law. There's nothing that's changed between the sentencing and now. But it's the nature of the mistake. It's the prejudice to the defendant that I'm focusing on, which we focused on in Palladino, hence all the remands. That's correct. No, I understand. And I'm not focusing on the third prong of the plain error analysis. I'm saying in terms of the first two prongs, Booker was a plain error because there was a complete change in the law. Here we have nothing that's changed between the sentencing and as we sit here today. The PSR says what it says. The court said what it said. The statement of reason says what it says. And as we read it, there's inconsistency. But everybody got it wrong. I mean, the judge certainly got it wrong when he said this, I am required. We all know what that word means. It's not an ambiguous word. I am required. The probation officer didn't get it wrong as far as the defense is concerned. The probation officer said the court can impose a below five-year sentence. And the judge in his statement of reason said he can impose a sentence below, I'm sorry, by sentence I mean term of supervision, a term of supervision below five years. So the statement of reasons and the PSR both account for the possibility of a below five-year sentence. But even if this court disagrees with us, I do think this case presents a compelling argument on the fourth prong of plain error analysis. And it's whether this seriously affects the fairness, integrity, and reputation of the judicial proceedings. This court noted in Lewis It seems that, Mr. Whalen, your argument, under your argument there, a term of supervised release could never be plain error. No, I don't agree. No, I don't agree with that, Your Honor. I think if the court had imposed, say, one outside of a statutorily permissible range, that could be a plain error. I think if the court... Longer than life? I mean, honestly, that's impossible. No, no. Not this range, Your Honor. I'm talking about a different case. If the court was capped at five years, for example, under 3583 and imposes a seven-year term, that would be a plain error that does affect fairness, integrity, and reputation of the judicial proceedings. But the vast majority of supervised release situations would involve something less than that. And I share Judge St. Eve's question. If the government is relying so heavily on the fact that after one year has passed, the district court, the supervising court, which I think is probably likely the Eastern District of New York here, but we'll see, could always adjust it. Then why do we have all these conditions cases? Why do we have, you know, cases about terms? Supervised release would just be unreviewable because it's never finished. Your Honor, I guess I don't understand the question because I think this court has looked at the four-year analysis. We have. I was just saying under the logic of your argument, though, we've been making a mistake. We should just have said, you know, conditions never matter, length never matters, because it's always fixable. But I think there's a difference between saying a defendant is going to have to live under unconstitutional terms of conditions of supervised release for a year versus what we have here, where both district court counsel and appellate counsel can see the defendant needs the year at least to supervise release. And so they're saying that we're going to for sure get to that year. If they had said he's entitled to, you know, he doesn't need any supervision whatsoever, I think this is a different case. I think this court might consider the fourth prong analysis differently. But here we have everyone saying this defendant needs at least a year supervised release. That gets us to 3583E2, where the court can then consider whether he needs more. And if the defendant, if this is the one-time thing that he says it is, if he does behave, if the probation officer and the whatever supervisor court happens to be believes that he doesn't need more than a year at that point, it can then take action. What about Ms. Christensen's argument that in this particular case that place is too heavy of a burden on the defendant because the district court judge here is familiar with him, the district court judge here sentenced him, gave the reasons why he's likely going to stay in New York and not come back here because he was just, he got caught while he was passing through here. So some new judge that knows absolutely nothing about Mr. Wiley is going to get the motion to lower the term of supervised release. Yeah, two responses to that, Your Honor. First is that that's the same argument that the defense has been making routinely about the conditions of supervised release as well. They're not going to be represented by an attorney. They're, it's the sentencing judge who best knows what conditions are appropriate. And I think this fact that it's the district, a supervisory court who might not know the facts of the case, Your Honor, the facts of this case, frankly, aren't very hard to figure out. This is a defendant who transported massive amounts of cocaine and heroin across the country a couple times. You know, there's no gun. That might be true about the nature and circumstances of the crime, but 3553 is so much more than that. It's the individual defendant characteristics. And while certainly a judge in New York could pick up and look at the indictment and see what the crime was, all of the individual characteristics here that I'm sure were presented to the district court might be lost on that judge. It might be, Judge, but I also do think that what the defendant, first of all, I don't think that this is, there's not much in dispute about Mr. Wiley's characteristics. I think that's flushed out pretty well in the briefing, in the PSR, that a judge in New York would be able to pick up. But I do also think, and frankly, Your Honor has more experience with this than I do, that a term of supervision, if a court's inclined to reconsider it after a year, it's going to be based more on what the defendant has done in that year of supervision as opposed to the nature and characteristics of the offense. It's actually really unusual to have a defendant come in and ask for a term of supervised release to be modified. And as I sit here today, I'm not sure in 16 years I ever saw that except for a defendant coming in asking for early termination of supervised release, which is different. But I don't know that it's, I just don't recall ever seeing a defendant come in saying, look, you gave me five years, I've been really good for this one year, can you now give me three? I suspect most defendants come in and do ask you for a termination after one year. I would suspect that's what Mr. Wiley would do after a year if he's complied as well. I mean, ultimately, you know, the sentencing judge and the supervisory judge can consider this year. And as I don't see a plain error on this record, and we do think supervision is a different type of sentence than a term of imprisonment with the special flexibilities this court talked about in Lewis. Because of that, we don't see a serious miscarriage of justice on the fourth prong of the plain error analysis. Unless this court has any further questions, we'd ask that you affirm the sentence. Thank you. All right, thank you. Anything further, Ms. Christensen? Sure, I'd like to respond to a couple of things. I'm certainly not conceding that Mr. Wiley needs a term of supervised release. My point is, is that I have yet to see a district court not impose a term of supervised release. I do think that the courts are tending to impose lower terms after this court's recognition that these supervised release terms and conditions are an issue. We're seeing lower terms imposed, but not no terms. So I certainly think that this court would impose a term of supervised release. I think it would be lower. I think that this is about the term, and it is about what a defendant can and can't do. And Palladino remands have been used by this court kind of beyond the Palladino context for limited remands where this court doesn't release jurisdiction and simply ask the district court for an advisory opinion, essentially, about if this case came back, would you impose a different sentence? And that's been effective in some cases. It keeps the jurisdiction in this court. The defendant isn't moved. He retains me as counsel, so he is counseled through it. And that may be the best way to deal with some of these issues. But I think it's very clear that where the written and oral may differ, the pre-sentence report and the statement of reasons, the district court's oral pronouncement is always going to control in that situation. And the court's oral pronouncement gave no indication that it considered that it was able to give, not that it hadn't considered the guideline range, but hadn't considered that it even had the discretion to give a lower than five-year sentence. That, I believe, is plain error that does affect Mr. Wiley's substantial rights and the judicial proceedings. Unless this court has further questions, we urge you to coerce and remand, even if it is a limited remand, Palladino style. Thank you. All right. Thank you very much. Thanks to both counsel. We'll take the case under advisement.